UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON M VARGAS,<br><br>  Plaintiff,<br><br>  v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>  Defendants. | Case No. 22-cv-02721-JST<br><br>**ORDER OF PARTIAL SERVICE**<br>Re: ECF No. 39 |

Plaintiff, an inmate housed at Correctional Training Facility in Soledad, California ("CTF"), has filed a *pro se* action pursuant to 42 U.S.C. § 1983. His first amended complaint (ECF No. 39) is now before the Court for review under 28 U.S.C. § 1915A.

## DISCUSSION

**A.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."' *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.      Amended Complaint**

The amended complaint names as defendants the State of California, acting though its agent, the California Department of Corrections and Rehabilitations ("CDCR"), and the following Correctional Training Facility officials: Warden Craig Koenig, Captain D. Metcalf; Captain Enrique Galvan, and Chief Medical Executive S. Posson.

The amended complaint makes the following allegations.

On July 20, 2020, defendant Koenig and 40 other prison guards executed a 3 a.m. raid, dubbed "Operation Akili," with the intent to injure and terrorize Black inmates and infect the Black inmates with COVID-19. Defendant Koenig knew, or should have known, that this raid would be a COVID-19 super spreader event and that it would cause COVID-19 to spread from the Black inmates to all other inmates, including Plaintiff. On or about July 30, 2022, inmates began testing positive for COVID 19. Instead of locking down CTF, defendants Koenig, Metcalf, and Galvan deliberately housed COVID-positive inmates with COVID-negative inmates with the intent to spread COVID-19. This was done to retaliate against CTF inmates for filing grievances regarding prison conditions and for CTF inmates' successes in civil rights litigation. Defendants Koenig, Metcalf, and Galvan also allowed COVID-positive inmates to use the same showers, phones, and eating trays as used by COVID-negative inmates, and failed to quarantine COVID-positive inmates. Defendant Galvin intentionally moved COVID-positive inmates into Plaintiff's housing unit, X-Wing, in retaliation for X-Wing inmates filing complaints and grievances. Defendant Posson failed to take any steps to ensure that defendant Koenig, Metcalf, and Galvan

2

exercised reasonable diligence to prevent the spread of COVID-19.  As a result, on November 30, 2020, Plaintiff contracted COVID-19.  Plaintiff was moved to G-Wing to quarantine "where his COVID symptoms were exacerbated."  Medical staff failed to provide him with "meaningful medical treatment for his symptoms," instead instructing him to drink plenty of water and get rest.  Plaintiff suffers from long-haul COVID-19 symptoms to this day.  Plaintiff's immune system was compromised due to contracting COVID-19, resulting in him being more susceptible to, and contracting, Valley Fever, which has exacerbated his COVID-19 infection.  *See* ECF No. 39 at 7-14.

The amended complaint seeks a declaration that the acts described in the amended complaint violated the Eighth Amendment, unspecified injunctive relief, and damages.  ECF No. 39 at 20.

Liberally construed, the amended complaint's allegations that defendants Koenig, Metcalf; Galvan, and Posson deliberately allowed the spread of COVID-19 via the July 20, 2020 raid and via their subsequent decisions to mix COVID-positive inmates with the general population and with uninfected X-Wing inmates state a cognizable Eighth Amendment claim for deliberate indifference to inmate safety; and state cognizable state-law claims for battery, negligence, and negligent supervision.

However, the Court DISMISSSES defendants the State of California and the CDCR from this action.  The amended complaint's claims against the State of California and the CDCR are barred by the Eleventh Amendment.  The Eleventh Amendment bars from the federal courts suits against a state by its own citizens, citizens of another state or citizens or subjects of any foreign state.  *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985).  A state cannot be sued regardless of the relief sought.[1]  *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (citing

---

[1] There are certain exceptions to a state's Eleventh Amendment immunity to suit, none of which apply here.  A state can waive its Eleventh Amendment immunity.  *See, e.g., Johnson v. Rancho Santiago Comm. Coll. Dist.*, 623 F.3d 1011, 1021 (9th Cir. 2010) (state waives its Eleventh Amendment Immunity if it unequivocally indicates intent to subject itself to jurisdiction of federal court).  Congress may abrogate the states' sovereign immunity if it (1) unequivocally expresses its intent to abrogate the immunity and (2) acts pursuant to a valid exercise of power.  *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 55-73 (1996).  States can give up their immunity from congressionally authorized suits pursuant to the Constitution.  *Torres v. Texas Dep't of Public*

*Alabama v. Pugh*, 438 U.S. 781 (1978)); *Confederated Tribes & Bands v. Locke*, 176 F.3d 467, 469 (9th Cir. 1999). This Eleventh Amendment immunity extends to suits against a state agency, including the CDCR. *Brown v. Cal. Dep't of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (California Department of Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity). Outside of damages, the amended complaint does not seek prospective relief. The declaratory relief sought is retrospective and the injunctive relief sought is unspecified. Accordingly, Plaintiff's claims for damages, retrospective declaratory relief, and unspecified injunctive relief against defendants the State of California and the CDCR are barred by the Eleventh Amendment.

## CONCLUSION

For the foregoing reasons, the Court orders as follows.

1.    The following defendant(s) shall be served: Correctional Training Facility warden Craig Koenig, captain D. Metcalf; captain Enrique Galvan, and chief medical executive S. Posson. Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases from prisoners in the CDCR's custody. In accordance with the program, the Clerk is directed to serve on the CDCR via email the following documents: the operative complaint (ECF No. 39), this order of service, a CDCR Report of E-Service Waiver form and a summons. The Clerk also shall serve a copy of this order on the Plaintiff.

No later than 40 days after service of this order via email on the CDCR, the CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or

---

*Safety*, 142 S.Ct. 2455, 2460 (2022). Finally, Eleventh Amendment immunity is inapplicable where the plaintiff seeks prospective relief, such as prospective declaratory relief, *see Native Village of Noatak v. Blatchford*, 38 F.3d 1505, 1512 (9th Cir. 1994), *overruled on other grounds by Board of Trustees of Glazing Health and Welfare Trust v. Chambers*, 941 F.3d 1195 (9th Cir. 2019); *Lund v. Cowan*, 5 F.4th 964, 969-70 (9th Cir. 2021); or prospective injunctive relief from unconstitutional continuing or impending state action, even if the state is the real party in interest, *see Kentucky v. Graham*, 473 U.S. at 167 n.14; *Ex parte Young*, 209 U.S. 123, 159-60 (1908); *Armstrong v. Wilson*, 124 F.3d 1019, 1026 (9th Cir. 1997).

could not be reached. The CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The Clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons, and the operative complaint for service upon each defendant who has not waived service. The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

2. The first amended complaint states a cognizable Eighth Amendment claim for deliberate indifference to inmate safety; and cognizable state-law claims for battery, negligence, and negligent supervision against Correctional Training Facility warden Craig Koenig, captain D. Metcalf; captain Enrique Galvan, and chief medical executive S. Posson.

3. The Court DISMISSSES defendants the State of California and the CDCR from this action.

4. In order to expedite the resolution of this case, the Court orders as follows:

a. No later than 91 days from the date this order is filed, Defendants must file and serve a motion for summary judgment or other dispositive motion. If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that Plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[2]

---

[2] If Defendants assert that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).

5

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendants no later than 28 days from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

    c. Defendants shall file a reply brief no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

  5. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A). (The *Rand* notice above does not excuse Defendants' obligation to serve said notice again concurrently with a motion for summary judgment. *Woods*, 684 F.3d at 939).

  6. All communications by Plaintiff with the Court must be served on Defendants' counsel by mailing a true copy of the document to Defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until Defendants' counsel has been designated, Plaintiff may mail a true copy of the document directly to

Defendants, but once Defendants are represented by counsel, all documents must be mailed to counsel rather than directly to Defendants.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

8. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

9. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: August 7, 2023

_____
JON S. TIGAR
United States District Judge